The last case today, number 221749, David Nunez Perez v. Ana E. Escobar Pabon et al. Will attorneys for appellant please come up and introduce yourself on the record to begin? Good morning, your honors. If it may please the court, my name is Mariela Abreu on behalf of the government and I'll be arguing on behalf of appellant today. Chief Judge Pattern, if I may, I would like to reserve two minutes for rebuttal. You may. In this appeal, the untimeliness of Mr. Nunez's heaviest petition is uncontested and therefore it should have been dismissed without reaching the merits unless equitable tolling applies. The district court ruled that applying the holland test here, equity demanded that Mr. Nunez's untimely filing be excused. This court should reverse the district judgment for several reasons. As this court knows, it's petitioner's burden to put evidence before the court showing his entitlement to equitable tolling. To carry this burden, petitioner must demonstrate as a necessary condition for relief two elements. One, that he's been presuming his rights diligently and then some extraordinary circumstance stood in his way and prevented timely filing. Here the district court must apply the relevant standard adopted by the district court and held that Mr. Nunez met his burden of establishing both elements of the holland test. As to diligence, the district court ruled that he met his burden based on Mr. Nunez's assertion in his petition that when he found out about this, I should... This is a little bit strange from the government in my view if you're focusing on a gap in the facts given what happened below. You didn't argue for the 11-day timeliness problem at all according to the district court said that this wasn't addressed which he then asked are you waiving it since you haven't raised it then you say no we're not waiving it but in then arguing why he can't nonetheless show it's timely you focus on the retroactivity point the petitioner says I'd like some more time if you want so I can do some more district court then rules for him now you're faulting the petitioner for not having made that made a record why isn't the relevant question district court gave some reasons it has discretion given those reasons in your briefing to us have you addressed the reasons it gave since it's your burden as appellant. The reasoning he gave for meeting each burden. He gave a series of reasons of why equitable patrolling applied and why it was an extraordinary circumstance you have the burden as the appellant of addressing the grounds it gave first you have to show that you have done that before we could get to any question about whether petitioners done something well your honor respectfully I think we did address why the circumstances that the district said was that it was a garden variety or garden variety errors are not a problem but the district court didn't say this was a garden variety error uh you mean as to the extraordinary circumstances from the district court said it in his in his opinion he said it it wasn't a garden barrier and it and it wasn't a garden barrier because of because of a series of factual and legal uh complex circumstances in this case but but to explain that reasoning the district court own he he's only based that reasoning on the fact that uh um mrs nunez state court lawyer might have been unaware of the federal deadline running because the because the puerto rico post-conviction motion doesn't have a a deadline to file which on which the government's opinion it's totally speculative because there's nothing in in the record to support that and we must emphasize that a petitioner has never a fault that he is post-conviction attorney for his delay right the deadline was missed the deadline was missed right so yeah it's unconstant it's uncontested that that was one year from stages by the deadline was missed by 11 days and the um the lawyer he had the lawyer in time that he could have timely filed it there is no deadline under puerto rico law to file the state habeas right yeah no deadline there is a federal deadline of a year from sanchez by unless you file to toll it and that didn't happen it seems like grave potentially error by a lawyer that results in a defendant missing the argument that he might now serve you know a very long time in prison and i think what judge young is saying is that's an extraordinary circumstance and i don't think it's sufficient to just categorize something with those consequences in that line of facts you say well they didn't do enough and that's garden variety why is that not a grave well your honor i'll i'll first point out that uh case law from the supreme court and from this court and from most courts of appeal have made clear that miscalculation or miscalculation of a deadline or being unaware about a deadline doesn't amount to an extraordinary extraordinary circumstances the second thing i will point out that since petitioner didn't didn't give us a didn't gave point to any facts as to even when he he retained his lawyer or when he found out about the decision there's no way on the record to there's to determine whether the attorney knew or didn't knew or how much time did did he have to prepare that petition so in the government's opinion the inference by the district court uh it's not supported by the record let's see can you just tell me how this played out in the district court and what kind of hearings were had what kind of opportunities were given because it looks like judge young did a lot to sort of direct the action here so i want to understand what opportunities everyone had to present everything that was needed yeah um the district guard actually in two orders um specifically uh asked the parties to address not necessarily the equitable tolling issue but the the the type of limitations issue uh under section d1c that is there ever a moment i understand there's a complicated question of retroactivity that changes the deadline and he said that's retroactive that's what makes it a year from sanchez via so i understand that after you reach that point is there some moment when judge young says listen i've decided this it's 11 days late so the issue is equitable tolling i want to have a hearing where everyone comes into court and tells me everything that they know about how the 11 days would miss that ever happen he there wasn't a hearing but there was an order to to show cost in which he expressly asked the parties to address acknowledging that it was 11 days late expressly asked the parties to explain why the petition if the petition was tight it was anyways untimely and why so we gave the opportunity to both the government and the petitioners to explain their put that position that was the first time that petitioner even brought up equitable tolling and in that filing petitioner only addressed diligence he didn't mention any extraordinary synchro stems that prevented him from actually filing but it is the case you never made any argument affirmatively for him being untimely because of the 11 days um actually um the government point pointed to the 11 day tardiness at least three times in the district in the district court their first one was during the argumentative hearing on the government uh motion to dismiss and petitioners i am but it was not put in the answer correct well in in the end i'll refer to what the specifically to the answer i thought the answer kept pointing back to the day the state conviction became final in 2007 uh it did it it did but the in the end still in the answer the government i mean you say c2 doesn't apply but you say it doesn't apply because it's not retroactive you don't say they missed c2 that they get the benefit but they just missed it you have a footnote in the answer that references arguments made elsewhere is that right yeah that's what you're looking for no no no i'm looking uh okay in the answer in in the government answer in paragraphs uh six the government x uh the government acknowledged even the government and i'm quoting it's admitted that on june 12 of 2007 mr nunez filed a motion requesting an omen of a judgment under rule 192 of the puerto rico rules of criminal procedure it's affirmatively alleged that petitioner's motion requesting an omen of a 300 and 373 days after the supreme court of the united states decided puerto rico versus sanchez bias but you don't then say and therefore on that ground it's untimely because maybe equitable tolling means it's not uh no but the only affirmative argument you make not expressively but if if i may uh the district court didn't treat you having raised it answer i thought the district court expressly said it wasn't raised in the end no the district court uh never say it wasn't expressly addressed in the action or actually in his order i thought in his orders that it wasn't great actually in the order where he asked that he asked the parties to address the 11th day and he acknowledged in a footnote that he was that he was raising that because uh the government had identified in the answer that they in which the petitioner that's a different point than saying whether you raised it as a defense uh that's true and i thought he specifically said you had not addressed this issue as a defense uh he said that neither party had uh you're one of those you're one of those parties yeah if i may refer the court to the transcript that petitioner um filed with his about his opposition brief at the transcript on the motion to dismiss uh the government said and i quote just to help just to help the court to just to help the court to issue a ruling avoiding the constitutional challenge the response i do agree their position that the petition is time marked not only is it time barred taking the day the start day the day that the petitioner conviction and sentence became final but we also take but if we also take the day that the petitioner filed his rule 192.1 motion that is the excuse me that's after the answer correct that that was before the answer this was the hearing on the on the government motion to dismiss before you had filed an answer before we finally finally answer and if i can finish uh reading what i said and if we take that day and type and calculator from the date sanchez by decision was published it is also time bar so it's time right for two reasons so the government expressly uh pointed to that issue what what's the significance i thought there was cases of talking about having to be in the answer what's the significance in your view of the fact that i you can dispute it but if i were to read the answer and think it's not in the answer in the government's view what's the significance of it uh in the government i i like i said i think it was properly raised but even if we even if it were properly erased the supreme court the supreme court's decision uh that was super supreme protection in day and would uh acknowledge the the discretion of the district court in a heavy escape and what i'm trying to figure out is that the oddity here is that then the district court ruled against you and found equitable tolling so what happens if i understand what if we conclude the district court was wrong so there was no equitable tolling yet it was not in the answer but it would be strange to just say therefore we conclude it's time bar maybe the right thing to do is to vacate and remand but when we vacated and remand wouldn't the district court be entitled to say well it wasn't in the answer so that's tough luck but i i that in in the government's position the fact that the district court raised uh raised the issue after the answer and he had discretion to and i understand and if he's wrong about the way he exercised it but there is wasn't the full opportunity for other theories of equitable tolling to be addressed in his take on equitable tolling you're right let's say we conclude it's wrong so we vacate and remand send it back to the district court the district court would be entitled i would think to then say well i'm not going to reopen it for you we tried once to consider it i'm not going through it again it was your burden to raise it in the answer you didn't so i'll treat it as but how can the district court say that when he already in his he was acting so he excused the government that the government's forfeiture of to do what he did sui sponte he doesn't have to do it again so that would suggest it may be wise to remand and let the district court figure out how it wants to proceed now if it turned out its reasons for equitable polling works i think what he says you have no right to get the benefit of the judge saying i'm going to forgive that you this is not not i'm just saying that on this record uh that's what the district court did i don't know what he's going to do on remand but that was he what he did that's what i'm suggesting is wouldn't the right answer outcome even if you're correct be just to remand to the district court district court can figure out whether it wants to give you a second bite at the apple or not the government's position is that remand wouldn't be necessary because if this court finds that petition didn't make made his burden of equitable polling that ends the inquiry here yeah but the oddity is that we don't know what the what the petitioner might show with respect to equitable polling if forced to make a different case than the district court made for it but he won under the district court's view and he had no reason to make a case for it apart from the district court sui sponte request since you didn't ask for that to be done no but uh but the district expressly asked the the parties to address the issue and petitioner chose chose not to argue the issue so he didn't make his burden so i think it would be kind of of unfair to remand to give petitioner another opportunity to try to make his burden when he didn't what if we were another opportunity to raise something you haven't ever raised um i get i i think uh that wouldn't be necessary for the reasons i already said because i think that is positive issue here is that petitioner didn't mean his burden of equitable polling and if that court were to find that there's no reason to remand that the just be over can you tell me which is the order where judge young puts everybody on notice i want all your equitable tolling arguments now yeah um and he's march 31 uh in he's march 31 in 2002 order it's march 31 what year 2022 and it's in a it starts in appendix page 157 you see the word equitable tolling anywhere in that order no he didn't but i i i mentioned he didn't specifically said address the equitable tolling issue but the first question was presuming argument of the sanctions by i announced a new substantive rule that otherwise satisfied the reproductive conditions of section 2244 d1c is petition is petition nevertheless untimely under this tattoo and why right that in that i take it that that that was the time in which petitioner had to argue and had to argue equitable tolling and argued that he met he met both prongs and in his answer that what is in his answer to that order was he actually it's the only time he said that he was entitled to equitable tolling but he didn't discuss why right but you agree there's a lot at stake here right there's a lot at stake in this case i do agree and the judge is creating the whole situation right he's he's like potentially excusing your forfeiture deciding retroactivity placing his order sort of on this case and then has moved all those steps without without the party's really involvement then he issues this order he doesn't i mean he writes what he writes you read it correctly but he doesn't really direct people to equitable tolling they write some things he says it's good enough now you say it's not good enough but it doesn't seem with so much at stake in the procedural posture that played out that we didn't have the kind of really adversarial testing with everybody knowing exactly what we're doing so that we know we have all the facts and that troubles me does that trouble you uh um can you uh rephrase that question do you yeah sure if he throws me like do you agree this what's at stake here okay so we have what's at stake and you agree with me that's significant then you have the judge i think does you a favor and excuses your forfeiture then he says okay i'm making this really important decision about sanchez valle it's retroactive now i'm left with this other problem is it timely and he writes these questions he never mentions the idea of equitable tolling although if you're a very sophisticated lawyer who understand all this maybe you read that into it the parties respond but the petitioner actually mentioned equitable tolling his answer so he did understand that and he decides in their favor and there's never an evidentiary hearing and we're just and that's it and now you're saying well they didn't do a good enough job and i guess i'm just concerned with so much at stake that we didn't have the full complete adversarial testing and i guess i'm worried to base a case like this an unusual circumstances on waiver or failure to say enough things when it never you know it just yes i hear you but it really wasn't done the way you might want it to be done with everybody knowing exactly what we're doing at all times i guess that's what my concern is and i guess uh i agree that the the way this case the the case played out in the district court was in some way unusual unusual and i do agree that the stakes uh here are significant but there's precedent from this court that says that the length of the of the sentence uh that doesn't play anything in the equitable tolling uh test so it wasn't even a consideration that the judge should have taken into account to find extra extraordinary circumstances okay just one last question did the petitioner in response to that order from the district court either in his response or anytime thereafter make any suggestion about wanting an opportunity to make more of a showing well in that order he requests he requests that an argumentative hearing on the issue yeah and so i guess the you're saying as opposed to an evidentiary hearing that's the significance of yeah okay thank you thank you thank you counsel will attorney for appellee please come up and introduce yourself on the record to begin good morning i may please the court i'm afpd samuel carrion on behalf of david nunez perez the appellee the district court did not abuse its discretion by granting an 11-day de minimis equitable tolling to mr nunez's untimely habeas petition where he faced over 45 years of additional incarceration in puerto rico prison for crimes that he had already been convicted for in federal court because the district court sitting in equity did not close the courthouse doors to mr nunez's claim he's a free man today now the district court's grant of equitable tolling in this case was the result of the correct application of holland's case-by-case approach in which it cautioned against archaic rigidity now the court need not reach the merits of the application of equitable tolling in this case because the respondents waived that issue in the district court by failing to timely raise it in its in its response of pleadings now federal rule of civil procedure 8c record are you saying even after the district court raised the rule that they can't then challenge it well your honor i think it's important to note that the and i and i do want to push back on on the fact that this issue was raised at the motion to dismiss hearing which i believe was in november 2021 if we look at that if we look at that transcript i i don't see anything about 2244 d1c and i don't see anything about when exactly mr nunez's state post-conviction motion was filed such that an inference could be drawn that it was filed after he was putting the date for the 11th day that well your honor it there's never in that transcript which was a the hearing on the motion to dismiss motion that was filed and that was the first response of pleading that was filed i believe uh put this in perspective may of 2019 is when the federal habeas petition was first filed the response of pleading comes in in the form of a motion to dismiss which was march of 2021 so the court later of that year 2021 in november holds that hearing and this is the first time there's there's the argument about the untimeliness but that was our position is that that was couched as an 11 year not as an 11 day argument um and although there was some discussion uh as opposing counsel pointed out about when the the post conviction motion was filed that was never directly put in front of the court doesn't it say that's an independent reason for it being untimely uh in that in in that during that motion hearing so what i'm what i'm seeing is that there would be that it would be there's an argument for it being time barred but there's never any express reference to uh 22 44 d2 uh d1c but i'm saying yes but without citing the actual provision don't they say that the 11 days is an independent reason why it's time apart from the retroactivity question well your honor they don't mention the time period and they don't mention the date when it was filed so the court was left in the position and this was never this was never challenged below when the district court mentions in its order this is now we're going to fast forward to march 2021 uh 22 rather when the district court mentions that the parties had never addressed the threshold issue that was the court's understanding was that this was never brought to its attention okay so just so i know take let's say i agree with all that the district court though then does address it asks everybody to address it and rules on it is your position that although we that they can't if he grants as opposed to denies they can't challenge that well your honor so we cite we cite galindo serrano which was a different case obviously the posture was a suppression hearing but in that case uh the defendant raised an untimely suppression claim and the district court passed on it and there's a there's a rule that says you can't do that i i know glendale there's a rule that says you can't do that so i'm just asking here is there some rule that says when the government has not raised the untimeliness ground the district court sua sponte raised it as it can in some circumstances you don't argue that he abused his discretion by raising it at any point in your brief stuff no we don't right so if he's entitled to raise it sua sponte when he does so is there some rule that says the government is then powerless to challenge a conclusion that it wasn't untimely after all i mean maybe there's such a rule i'm just i don't is that what you're saying i'm not saying that the government is powerless but what i am saying is that in this case nuñez actually pushes back on that and he says no wait a second this was this was uh this is being raised now at the 11th hour to use a baseball reference in the ninth inning this was a litigation that was going on from may 2019 and now this it this pops up uh in may on the eve of the three-year anniversary may 2022 and so he says the response of pleading the first response of pleading which was the motion to dismiss never mentioned anything about this this should be this this affirmative defense should be denied i guess the question does this come down to the i take it your view is the district court would have had discretion not to raise it right having now raised it sua sponte and decided there's no problem with the district court if we concluded it's reason for thinking there was no problem this won't have discretion on remand to say i'm not raising yes i think that would be with uh because again under day the interest of justice is is really what informs whether or not the district court should should raise it or will raise it sua sponte but our position is is that that just by the just by virtue of the sua sponte teeing up of this issue wouldn't have waived mr nuñez still would have been able to assert his waiver claim and the district court might say at this point if i'm gonna have to have a big hearing and have a bunch of witnesses to figure out whether it's timely i'm not doing that it's too late the government wanted that to happen they could have raised time in as much earlier and that's right and essentially it just so happened as the court pointed out uh that it wouldn't necessarily mean the district court's reasons for concluding that equity court is satisfied are sufficient for us to affirm that might just mean it has to be vacant so with respect to why those reasons are sufficient what what's your argument yes your honor and and and that would be obviously our second argument that even if we do get to the merits of equitable tolling this was still uh under holland a very an application of a flexible approach to uh otherwise what would have been an unbending rule that would have turned into would have produced an injustice and in this case we have um and i didn't hear any argument as to the diligence prong but i can i can just flesh out that prong was met there was nothing that was mr nuñez had submitted a penalty under penalty of perjury a statement with his habeas petition in which he said that he filed the um the post-conviction motion that otherwise would have told the one-year deadline if it had been filed timely as soon as he found out about the sanchez via decision to get there for diligence you've got to explain why it's okay not to have found out for the year well i think at this point and it's it's important to focus that this is now we're on an abuse of discretion standard and so now it's on it's it's for the respondents to show that this district court abuse judge young abused his discretion in determining that reasonable diligence had been shown uh based on that statement okay so what are the facts about that i mean like what happened to him during that year maybe they don't have to be perfect i appreciate that but he has to say this happened to me what is the this well he doesn't we don't have that factual record what we do have is that uncontested assertion that as soon as he found out do we know if he learned before the year has run yeah the record doesn't the record doesn't inform us as to that but but but again it's just the reasonable it's just the reasonable diligence and we don't know what so we don't know that he found out before the year has run so it's hard to say he told it just because he found out within the year so he may have first found out after the year ran but we don't know what kept him from finding it out either well we don't have those facts but we but we have what we have that when we don't know when he found out whether it was within the year or why he didn't find out before the year was up to start tolling before the year runs it seems hard doesn't it it does but there are other words speculating well i i wouldn't go as far to say it was speculating because he did he he is crediting he's crediting that uncontested assertion that i did find out once i found out i filed it immediately so what was i found out after the year did that be enough to show diligence well i mean this this is 11 days so i i think taking into taking into consideration that this this is a decision you know i don't want to say i didn't find out because i didn't have access to the law library i was being moved between prisons these things were happening that prevented me from doing the things i would normally do to know when supreme court cases come down that helped me and i don't understand why that didn't happen in this case because it's not enough i don't think to say what you said yet those are all facts in his control and yet they're not here and that's what i don't understand about this case you need something that happened before the year ran that prevented him from complying with the year deadline well we did um there had been some litigation after the grant of equitable tolling and so there is uh i believe in our supplemental addendum we uh we listed um prison transfer record sheet and this is why this kind of dovetails back to our original argument on waiver that the respondents were in a position they had this information constructively at least about his record about the fact that he was in a maximum security institution during the one year period post sanchez via that he had been transferred between one maximum security to another and that there was some period of administrative this goes back to my question that i asked them so it's a march 30th order it seems at least they say and i understand why they say it to be the moment when you're both sides are being asked for all the stuff that goes into the two-prong equitable tolling analysis and that's where it seems to me you would have a fulsome affidavit of mr nunez that says i was in maximum security i didn't have access to things i was transferred whatever those facts are and i guess i'm not i want to understand procedurally why your side didn't appreciate that that was the time well i think what council below was doing was he was responding to the district court's inquiry which was just is this is this untimely um and and this is why he then asked for an argumentative hearing so his basic sense is this is just a letter question get it out there what the basic points are but i'd like to have a full hearing on it lo and behold he wins right right that's hardly his fault for not having done more in response to that and obviated obviously the need to put forth to put forth more facts as to the equitable tolling claim but he did uh he did mention in that joint motion holland and this was an unusual procedure i will i will uh say that it was unusual that they had to file this joint motion together um but but at the end of the day he did mention holland he did mention that equitable tolling should apply and um and and even if we go to some of the other factors as to diligence we have the uncontested statement we have uh the history of nunez in state court um prosecuting his state court claims once he was in federal court he had never shown a lack of he didn't aside from the the 11 day period he had not shown a lack of diligence while he was in federal court so taken together under the totality which was what holland councils uh that was what the district court used uh as to to reach its decision as to diligence moving on to extraordinary circumstances again this was the this was a unique case we cite a case called soca which is a seven circuit case but applying the holland framework which basically says that it's not a search for a single trump card and and i think when i do you have any case in which equitable tolling has been found to apply in a circumstance in which we don't know any facts about what happened before the year deadline passed that precluded the person from applying your honor i don't have a i don't have a case uh directly on point as to as to we don't know what happened but we do know here as to extraordinary circumstances we do know what the district court found which was that this was we just don't know anything about what happened before the year ran well aside from what we submitted in our supplemental addendum uh the record is not um the factual record is not developed as to that particular and i'm just which there's no evidence to support the idea that something happened before the year ended now i don't have a case on on point but i do want to address the because this was a a very robust decision in the sense of how the judge judge young articulated his reasoning for the equitable tolling and in this case the equitable um extraordinary circumstances he notes and this is um again on on abuse of discretion that this was a this was a complex set of legal and factual circumstances and that perhaps counsel was unaware uh and this was not that was a keyword perhaps like we don't really know what was going on so i i understand what he's saying i appreciate that but it seems like this is actually supposed to be a a factual determination not about what might have happened or why this might have been hard maybe the lawyer knew everything he was supposed to do just decided not to i doubt it but we don't know that all all didn't get a good record here for whatever reason he's just sort of pulling some some some thoughts out and then fitting them into these boxes but it doesn't strike me that that's what equitable polling is about it's about a failure of someone to do something and then the question is well why did they fail and this is just a guess and i think in all candor the district court says that well perhaps and i'm using the word perhaps but even if it is garden variety that in and of itself would not be enough this was more than that however this is not the only thing i'm relying on i'm relying on the fact that there was a there was a complex interplay between this non-jurisdictional uh tolling tolling provision plus this kind of unanticipated change in the paradigm in Sanchez Valle about Puerto Rico and the United States and the double jeopardy uh them being you know separate sovereigns for many years and now all of a sudden uh they're a single sovereign and then um even even in his familiarity right he's on the ground he's dealing with this litigation the supplemental filing was filed when uh this is uh the the prison just to us or to the prison transfer uh the prison transfer i believe that was filed in in regard to a litigation about bail pending appeal because he had continued in in custody and then we included was that first filed to the district court uh i believe it's at 84-2 in the district court record filed on yes august 31st 2000 so i take it though your understanding of the record is that insofar as there was this ground didn't suffice the expectation of petitioner was there would be an opportunity for further development of the equitable tolling argument and that never occurred because you won prematurely potentially and i think council flagged that council below did flag when he mentioned the the argument of appearing if i could just briefly conclude um your honor respectfully the respondents have not met the high bar of showing that the district court abused its discretion in granting minimal equitable tolling and avoiding the archaic rigidity that holland counsels against and for that reason the court should affirm the district court and decline to send mr nunez back to prison for another 46 years for crimes that he's already been convicted and punished for thank you thank you thank you counsel will attorney for appellants please come up and introduce yourself on the record you have a two-minute rebuttal maria labreo for appellants i would like to make two points first as to uh councils uh reference to the the supplement of filing in the district court i want to point that that was filed almost a year after the decision was made and it was filed in a motion for an emergency for a major emergency release pending appeal it was it had nothing to do with the merits of the case and it had nothing to do with the opinion of the district court that so it it is the government position that bringing those facts and in that supplemental briefing it's it's late and shouldn't it shouldn't be a factor to consider in whether equitable toll any problem of the equitable toll details what was meant your view is that insofar as petitioner would be entitled to an evidentiary hearing ordinarily on equitable tolling he waived it through his response to judge young's letter um yeah what i meant to say is that in since he in his response he didn't provide i understand i'm trying to figure out if we would agree with you on the merits of judge young's ruling whether a remand would be appropriate it wouldn't be if he had waived his right to seek a more fulsome opportunity to develop equitable tolling so are you saying he waived that opportunities for the way he responded to judge young i think that asking for an argumentative hearing uh to to further discuss the matter because that's exactly what he said it's not it's not sufficient to say that his was actually actually funny and eventually hearing different than whether he waived it like judge young gave you an opportunity to say specifically are you waiving that right now he's saying to us i didn't waive it with his understanding was council would still want that opportunity i'm just curious whether the government's of the view that actually that's been waived uh the government uh the government's is that um he it he didn't ask for it he didn't ask for it so there was there was some kind of waiver and then if we were to remand so that the district court could determine whether to have that evidentiary because the government have a position as to us whether the district court would have discretion to conclude well that's what's going to take the result that i'm going raise it as something they're stuck with and i'm not going to raise it to respond uh i don't understand the question so we're trying to figure out if we agree with you we have to decide what to do one thing we could do was vacate that's not what you seem to want us to do you want us to say we have to dismiss the petition because it's untimely well if he had waived any opportunity to develop further the equitable tolling that would counsel in favor of dismissal there's no reason to remand but if he hasn't then one possibility is well on remand he could develop it i'm just further curious whether the government has a view as to whether if we remanded for that purpose and the district court was of the view that well if this is what it's going to require to resolve this question given that the government never itself raised it i'm not going to sui sponte raise it now because that would mean we would be remanding giving the discretion to the district court as to whether to even proceed further with them versus being required to remand for him to resolve the question effectively well i think you have a view as to which of those remands well i think it's well in well within this course discretion to remand with specific instructions as to what the district this river should do whether that is an event sharing hearing on the equitable tolling issue or to address uh to address whether the government uh waived the 11 the 11 day tardiness issue so no further that concludes arguments in this